## MERRELL-SOULE CO. v. STAR CO.

### (Circuit Court, S. D. New York. March 28, 1907.)

### No. 8,953.

PATENTS—INFRINGEMENT—MASKS.

> The Merrell patent, No. 727,173, for a mask, is limited to a mask made from a blank of "pasteboard or similar flexible material." As so construed, *held* not infringed.

In Equity. On final rehearing.

Wm. Raimond Baird and Howard P. Dennison, for complainant.

H. Albertus West, for defendant.

PLATT, District Judge. This is a bill in equity for an injunction and accounting, based upon letters patent granted to complainant, No. 727,173, dated May 5, 1903, in which claims 1 and 5 are at issue:

> "1. A mask having ears and provided on the inner and outer sides of each ear with interlocking flaps whereby the top portion of the mask is held down, substantially as set forth."
>
> "5. A mask provided at its top with ears and with interlocking top flaps holding the top portion down, and having at its lower end interlocking muzzle-flaps, substantially as set forth."

The unfair way in which the defendant treated the complainant and its patent appeals most vigorously to the conscience of a court of equity. It impels one to grant the prayer of the bill, if such action is, from any reasonable view of the matter, warranted by the facts. What in another case might smack of injustice would here be excusable. But this is a patent suit, and the scope for relief is therefore somewhat limited.

It is our duty to discover what the patentee's inventive conception was, and what he claimed under it. Having found that, it may not be so very difficult to decide whether or not the defendant has trespassed upon forbidden ground. He teaches the public how to take a flat blank of pasteboard, or some *similar flexible* substance, and to provide such material at suitable places with interlocking flaps, so that the blank can be shaped into a mask at the point where the flaps are applied. He then claims a mask (not a mask blank, it is true), but he claims *such* a mask as he has described, and that is a mask made out of a certain kind of blank, and, unless a blank of the kind specified is used, the mask made from it will not be the mask claimed in the patent. Lines 12 and 13 of the specification tell us that the blank is to be made of "pasteboard or *similar* flexible material." (All italics in this opinion are mine.)

He makes plainer what he thought he had invented by showing how a tuck-flap, *i*, can be introduced into a transverse slit, *k*, between the eye openings, so that the mask can be bent more easily into the desired shape. All through the specification one finds that he is directed to select for his blank a material with enough strength and pliability so that it can be bent into certain shapes, and, having been so bent, will be likely to stay where it has been put. With such a construction, there is probably some invention in the patent over and beyond a gauze mask, or the ordinary stiff masks to which we are accustomed. The patentee has found and explained a cheap and easy way to produce a mask, which, to a certain extent, takes the place of the more expensive kinds, and affords an agreeable pastime for children. When we construe the patent in this way, it is impossible to discover the slightest trace of infringement in the alleged infringing devices.

A moment's examination of two exhibits, viz., "complainant's exhibit, defendant's bear mask uncut," and "complainant's exhibit, defendant's bear mask made up," and a comparison of them with other exhibits, ought to settle the entire controversy. With considerable ingenuity, these two exhibits have been given substance and form by pasting the original devices upon cloth, but the original devices themselves are made of cheap newspaper stock. If the uncut device is taken as an entirety and cut out according to directions, one obtains a flimsy cap: and, if the parts which are necessary to form such a cap are removed, the remainder cannot be tortured into an infringement. Understanding the "mask" of the claims at issue to be the kind of mask which has been above suggested, the language in claim 1, "provided on the inner and outer sides of each ear with interlocking flaps," becomes intelligible and means something. The defendant has no such construction.

Counsel for complainant call attention to the fact that the patented masks were put out upon a superior quality of paper, which made it an attractive novelty, but that the defendant has prostituted the *invention* by putting *it* upon paper of the most inferior quality, which can hardly endure the necessary manipulation. It is hoped that, upon reflection, they will see that the complainant *practiced* its *invention* when it used the "superior quality of paper," and that, instead of "prostituting the invention," the defendant *avoided it in toto,* by using such paper as it did use.

Let the bill be dismissed.